IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| FRED DALTON BROOKS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 5:12-CV-281 (CAR) |
| | : | |
| CARL HUMPHREY, *et al.*, | : | 42 U.S.C. § 1983 |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Presently before the Court is *pro se* Plaintiff Fred Dalton Brooks's "Exceptions to the Magistrate's Order of September 27, 2012" [Doc. 14], in which Plaintiff requests reconsideration of the United States Magistrate Judge's previous Order [Doc. 10] denying Plaintiff's Motion to Amend Complaint [Doc. 9]. The Court construes Plaintiff's "Exceptions" as a Motion for Reconsideration and considers his allegations accordingly.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

In his initial Complaint, Plaintiff Fred Dalton Brooks alleges that Warden Humphrey, Deputy Warden Powell, and Deputy Warden Bishop placed Plaintiff in the

---

[1] Plaintiff filed an untimely Motion for Reconsideration [Doc. 16] on November 9, 2012. Because the Court construes Plaintiff's "Exceptions" [Doc. 14] as a timely Motion for Reconsideration, and because Plaintiff's two filings are virtually identical, the Court finds Plaintiff's untimely Motion for Reconsideration [Doc. 16] **MOOT**.

"Super-Maximum Security Unit" ("SMU") at the Georgia Diagnostic and Classification Prison on February 7, 2012. Plaintiff states that there are 192 cells in the SMU, and that the facility lacks an inmate classification system. According to Plaintiff, violent inmates and sexual predators are indiscriminately housed with the general population in the SMU, resulting in frequent violent attacks and sexual assaults.

Plaintiff alleges that on February 29, 2012, a mass riot occurred in the SMU when a maintenance worker simultaneously opened thirty-two cell doors in Plaintiff's dormitory. During the ensuing riot, Plaintiff asserts that fellow inmate Tremayne Watson viciously attacked him, causing severe physical injuries. In addition, Watson allegedly forced Plaintiff into an adjoining room and compelled him to perform a sexual act against his will. Plaintiff was hospitalized for three days in the Spalding County Hospital to receive treatment for his injuries.

Plaintiff claims that during this hospitalization, Defendant Powell, along with three unnamed correctional officers, refused to temporarily lower Plaintiff's waist-chains at his request to use the restroom. As a result, Plaintiff was forced to urinate and defecate in his jumpsuit. Deputy Warden Powell also required Plaintiff to wear his handcuffs during meals, compelling Plaintiff "to lick [his] food off [the] tray like a

dog."[2]

On July 16, 2012, Plaintiff filed his initial Complaint pursuant to 42 U.S.C. § 1983, alleging constitutional violations by Defendants Humphrey, Powell, Bishop, and John and Jane Does.  John and Jane Does have been dismissed from this action because Plaintiff has failed to adequately identify these individuals for service.

On September 25, 2012, Plaintiff filed a Motion to Amend Complaint wherein Plaintiff sought to (1) correct formatting errors; (2) add Defendant SMU Unit Manager McMillan; (3) submit additional factual allegations; and (4) add another claim arising from Plaintiff's unwilling placement near Watson's cell after his return from the Spaulding County Hospital.  The Magistrate Judge denied Plaintiff's motion in full, addressing only Plaintiff's proposed additional claim, which he characterized as an Eighth Amendment "failure to protect" claim.  Based on his determination, the Magistrate Judge dismissed the proposed claim for failure to state a claim.  The Magistrate Judge later granted Plaintiff an additional fourteen days to file the present Motion for Reconsideration.

In the instant Motion, Plaintiff asserts that the Magistrate Judge erred in two ways: first, by construing Plaintiff's proposed cause of action as a "failure to protect" claim rather than a "deliberate indifference" claim; and second, by failing to rule on

---

[2] [Doc. 1 at 5].

3

Plaintiff's other proposed amendments.  Specifically, Plaintiff states that the Magistrate Judge did not address his proposals to (1) correct formatting errors in the original Complaint; (2) add Defendant SMU Unit Manager McMillan; and (3) submit additional factual allegations, including his communications to Defendants prior to the February 29th assault and his later placement in a cell near Watson, his attacker.  The Court addresses these allegations below.

## DISCUSSION

Local Rule 7.6 cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[3]  Instead, the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."[4]  Thus, federal courts may grant a motion for reconsideration when there is "(1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice."[5]  In the instant Motion, Plaintiff appears to allege clear error, both for the Magistrate Judge's denial of Plaintiff's proposed amendments "which were not specifically addressed," and for the Magistrate Judge's purported mischaracterization of his proposed claim.[6]

---

[3] M.D. Ga., L.R. 7.6.
[4] *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).
[5] *Id*.
[6] [Doc. 14 at 2].

Plaintiff correctly notes that the Magistrate Judge did not address each of his proposed amendments. Having now considered these amendments, the Court hereby **GRANTS** Plaintiff's request to amend his Complaint by (1) correcting formatting errors; (2) adding Defendant SMU Unit Manager McMillan; and (3) submitting additional factual allegations. Specifically, the Court accepts all facts preceding and related to the February 29th assault, including threats by inmate Tremayne Watson and Plaintiff's communications to Defendants, including Defendant McMillan. However, as explained immediately below, the Court will not allow Plaintiff's Complaint to include information related to his purported Eighth Amendment "deliberate indifference" claim against Defendants for placing him near Watson's cell upon Plaintiff's return from the Spalding County Hospital.

Plaintiff's request that this Court reconsider the Magistrate Judge's denial of his proposed Eighth Amendment claim is **DENIED**. As explained by the Magistrate Judge in his original Order, Plaintiff's proposed claim fails to state a claim upon which relief may be granted. Plaintiff's argument that the Magistrate Judge erred by characterizing Plaintiff's allegations as a "failure to protect" claim rather than a "deliberate indifference" claim is without merit. "Deliberate indifference" is merely one element of an Eighth Amendment "failure to protect" claim; it is not a separate cause of action.

5

Rather, Plaintiff "must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; <u>and</u> (3) causation."[7] Thus, the Court finds that the Magistrate Judge correctly characterized and dismissed Plaintiff's proposed claim as an Eighth Amendment "failure to protect" claim.

In the same vein, Plaintiff's contention that the Magistrate Judge erred by requiring a "second assault … in order for constitutional violations to be present" is a misinterpretation of the original Order.[8] Plaintiff is correct that the Eighth Amendment does not require an inmate to wait for a "tragic event" to occur before obtaining relief from the Court.[9] However, because Plaintiff was not physically harmed after his return to prison, in order to state an Eighth Amendment "failure to protect" claim, Plaintiff must demonstrate that that he is <u>presently</u> "incarcerated under conditions posing a substantial risk of serious [imminent] harm."[10] Now, and for the foreseeable future, Plaintiff has been removed from the only alleged threat to his safety, Tremayne Watson. Accordingly, Plaintiff's request for reconsideration of his proposed Eighth Amendment

---

[7] *Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1319 (11th Cir. 2005) (quotation omitted).

[8] [Doc. 14 at 5].

[9] *Farmer v. Brennan,* 511 U.S. 825, 845 (1994).

[10] *See Helling v. McKinney*, 509 U.S. 25, 33, 35-36 (1993) (finding no Eighth Amendment claim where inmate is not presently exposed to actual danger, but only speculates as to potential danger he might be exposed to in the future).

claim is hereby **DENIED**.[11]

## CONCLUSION

In accordance with the foregoing, Plaintiff's "Exceptions to the Magistrate's Order of September 27, 2012," which the Court has construed as a Motion for Reconsideration [Doc. 14], is **GRANTED in part** and **DENIED in part**. Plaintiff's motion to amend his Complaint by (1) correcting formatting errors; (2) adding Defendant SMU Unit Manager McMillan; and (3) submitting additional allegations preceding and related to the February 29th assault is **GRANTED**. However, Plaintiff's request that the Court reconsider the Magistrate Judge's Order [Doc. 10] and allow him to add his proposed "deliberate indifference" claim is **DENIED**. Plaintiff is hereby **DIRECTED** to file an Amended Complaint in accordance with this Order within **TWENTY-ONE (21) DAYS** of the date of this Order.

**SO ORDERED** this 19th day of November, 2012.

S/ C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP/ssh

---

[11] Moreover, Plaintiff could not recover compensatory or punitive damages for the "mental, emotional, and psychological" harm caused by his placement within range of Watson's "daily and constant barrage of death threats." [Doc. 14 at 5]. An inmate in prison who files a federal civil action cannot recover damages on the basis of mental or emotional injury suffered while in custody without demonstrating a related physical injury. 42 U.S.C. § 1997e(e); *Perkins v. Kan. Dept. of Corrs.*, 165 F.3d 803, 807 (10th Cir. 1999). Plaintiff does not contend, and it does not appear, that he suffered from any physical manifestation of his mental, emotional, and psychological distress.