IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **FRED DALTON BROOKS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 5:12-cv-281 (CAR) |
| | : | |
| **CARL HUMPHREY,** *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court are a Motion to Dismiss Amended Complaint filed by Defendants Carl Humphrey, June Bishop, and William Powell (Doc. 33) and a Motion to Dismiss Amended Complaint filed by Defendant James McMillan (Doc. 39). Because Plaintiff Fred Dalton Brooks' Amended Complaint fails to allege facts sufficient to state a claim under the Eighth Amendment, it is **RECOMMENDED** that the Motions to Dismiss be **GRANTED** and that Plaintiff's claims against all Defendants be **DISMISSED**.

PROCEDURAL BACKGROUND

On July 16, 2012, Plaintiff Fred Dalton Brooks filed his Complaint pursuant to 42 U.S.C. § 1983 alleging that various prison officials at Georgia Diagnostic and Classification Prison (Georgia Diagnostic) violated his constitutional rights. Doc. 1. Plaintiff's Complaint alleges that prison officers failed to protect him from an inmate attack during a prison riot, and that prison officers subjected Plaintiff to inhumane conditions while he was in the hospital following the riot. Id. Following a frivolity review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1915A, the Court allowed Plaintiff's Eighth Amendment claims to proceed against Defendants Humphrey, Bishop, and Powell. Doc. 21.

1

After the Court granted Plaintiff leave to amend his Complaint (Doc. 22), Plaintiff filed his Amended Complaint on December 11, 2012. Doc. 24. Plaintiff's Amended Complaint added Defendant McMillan as a party and provided additional factual allegations against all Defendants. Id. Plaintiff's Amended Complaint names Defendants in their official and individual capacities. Id. On January 4, 2013, Defendants Humphrey, Bishop, and Powell filed a Motion to Dismiss Plaintiff's Amended Complaint. Doc. 33. On February 15, 2013, Defendant McMillan filed a separate Motion to Dismiss Plaintiff's Amended Complaint. Doc. 39.

## FACTUAL ALLEGATIONS

Plaintiff contends that he was brutally attacked and assaulted by another inmate during a riot at Georgia Diagnostic. Doc. 24. Plaintiff was incarcerated in the Special Management Unit (SMU) at Georgia Diagnostic, which Plaintiff describes as a super-maximum security unit. Id. Plaintiff contends that because there is no classification system within the SMU, he was housed with potentially violent inmates. Id. Plaintiff states that he was housed in Dorm E of the SMU and that Dorm E is comprised of thirty-two single-occupancy cells. Id. Plaintiff contends that Defendants Humphrey, Bishop, and Powell ordered that Plaintiff be housed in Dorm E. Id.

Plaintiff alleges that another inmate housed in Dorm E verbally threatened Plaintiff by telling Plaintiff that he would attack Plaintiff physically and sexually. Id. Plaintiff contends that he specifically complained to Defendants Humphrey, Bishop, Powell, and McMillan regarding the threats, but Defendants failed to respond to Plaintiff's complaints. Id. Plaintiff states that on February 29, 2012, a maintenance worker simultaneously opened all thirty-two cells in Dorm E, allowing all of the inmates out of their cells at once. Id. A riot ensued. Id. During the riot, the inmate who had previously threatened Plaintiff attacked Plaintiff, punching him in the mouth, beating him with a food tray, choking him, and forcing him to perform oral sex. Id. Prison

2

officers then arrived and stopped the riot. Id. Because Plaintiff sustained serious injuries, Plaintiff was taken to the Spalding County Hospital, where he was hospitalized for three days. Id.

During his stay in the hospital, Plaintiff was shackled with leg irons and maximum security waist-chain handcuffs. Id. Plaintiff alleges that his medication caused him to have irregular bowel movements. Id. According to Plaintiff, Defendant Powell monitored Plaintiff in his hospital room and refused to allow Plaintiff to lower his waist-chains so Plaintiff could use the toilet. Id. Plaintiff contends that he repeatedly pleaded to Defendant Powell to allow him to use the toilet with his waist-chains lowered, but Defendant Powell refused. Id. Plaintiff consequently was forced to defecate in his jumpsuit and soil himself for two days. Id. Defendant Powell allegedly laughed at Plaintiff and made fun of him for soiling himself. Id. Plaintiff also contends that on one occasion during his stay at the hospital, Defendant Powell forced Plaintiff to "lick the food off [Plaintiff's] tray like a dog" by refusing to remove Plaintiff's handcuffs. Id.

## DISCUSSION

Plaintiff's Amended Complaint alleges that (1) Defendants Humphrey, Bishop, Powell, and McMillan violated Plaintiff's Eighth Amendment rights by failing to adequately protect Plaintiff from another inmate, causing Plaintiff to be attacked by that inmate during a riot; and (2) Defendant Powell violated Plaintiff's Eighth Amendment rights by refusing to allow Plaintiff to use the toiled and forcing Plaintiff to soil himself for two days while Plaintiff was in the hospital. Because Plaintiff's Amended Complaint fails to allege facts showing that Defendants were deliberately indifferent to Plaintiff's safety regarding the attack by the other inmate, Plaintiff's Eighth Amendment failure to protect claims against all Defendants must be dismissed. Defendant Powell in his individual capacity is protected by qualified immunity with regard to

Plaintiff's claims arising from his confinement in the hospital. Plaintiff's official capacity claims are foreclosed by the Eleventh Amendment.

## Failure to Protect

Plaintiff has failed to allege sufficient facts showing that Defendants were deliberately indifferent to Plaintiff's safety during the prison riot. Although Plaintiff alleges that he informed Defendants that his attacker had previously threatened Plaintiff, Plaintiff does not allege sufficient facts showing that Defendants had subjective knowledge of a substantial risk of serious harm. Because Plaintiff was housed in a dorm composed entirely of single-man cells, and because Plaintiff fails to allege facts showing that Defendants could have foreseen the maintenance man's opening all of the cell doors at once, Plaintiff fails to state an Eighth Amendment failure to protect claim against Defendants.

To state a Section 1983 claim based on prison officials' failure to protect an inmate, the inmate must show that the prison officials were deliberately indifferent the inmate's health or safety. See Hopkins v. Britton, 742 F.3d 1308 (11th Cir. 1984). Although "prison officials have a duty…to protect prisoners from violence at the hands of other prisoners," not every instance of violence between inmates "translates into constitutional liability for prison officials responsible for the victim's safety." Farmer v. Brennan, 511 U.S. 825, 833-834 (1994) (quotations and citations omitted). It is only "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." Id. at 828.

To be "deliberately indifferent," the prison official must have subjective knowledge of the risk of serious harm, and the official must nevertheless fail to reasonably respond to the risk. Id. at 837-838. "Merely negligent failure to protect an inmate from attack does not justify liability under Section 1983…The known risk of injury must be a strong likelihood, rather than a

4

mere possibility, before a guard's failure to act can constitute deliberate indifference." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (quotations and citations omitted).

Because Plaintiff's allegations do not suggest that Defendants had subjective knowledge of a strong likelihood that Plaintiff would be subject to an attack, Plaintiff's allegations fail to establish a claim that Defendants were deliberately indifferent to his safety. Although Plaintiff alleges that he specifically informed Defendants that he had been threatened by the other inmate, Plaintiff fails to allege sufficient facts showing that Defendants were subjectively aware that the inmate would have the opportunity to carry out those threats. According to Plaintiff, he was housed in a single-man cell isolated from the other inmate. It was not until a maintenance man somehow opened all thirty-two cell doors simultaneously, creating a riot, that the inmate had the opportunity to attack Plaintiff. Plaintiff does not suggest that Defendants had any way of knowing that every cell door would be opened simultaneously by the maintenance worker.

In his reply to the instant motions, Plaintiff states that doors are sometimes opened simultaneously allowing multiple inmates to be outside of the cells at the same time. Plaintiff does not allege, however, that he and the other inmate had previously been outside of their cells simultaneously or that the inmate otherwise had the opportunity to carry out the threats. Moreover, Plaintiff does not allege that Defendants had knowledge that there was a strong possibility that the inmate would have the opportunity to carry out the threats. Additionally, Plaintiff does not allege that Defendants failed to properly respond to the riot. Although Defendants, in an abundance of caution, arguably should have moved Plaintiff further away from the inmate after they were informed of the threats, the failure to move Plaintiff to a different cell amounts only to negligence. Accordingly, Plaintiff's Eighth Amendment failure to protect claim must be dismissed against all Defendants.

<u>Failure to Allow Plaintiff to Use the Toilet</u>

In his Eighth Amendment claim against Defendant Powell, Plaintiff alleges that Powell refused to allow Plaintiff to use the toilet while Plaintiff was in the hospital, forcing Plaintiff to soil himself for two days. Because there is no clearly established law to show that such actions amount to cruel and unusual punishment, Defendant Powell is protected by qualified immunity and Plaintiff's claim against him must be dismissed.

"Qualified immunity protects government officials performing discretionary functions from civil trials [...] and from liability if their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Santamorena v. Georgia Military College</u>, 147 F.3d 1337, 1339-1340 (11th Cir. 1998) (internal quotations and citations omitted). Stated another way, qualified immunity "offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Oliver v. Fiorino</u>, 586 F.3d 898, 904 (11th Cir. 2009) (internal quotations and citations omitted). A prison employee acting within the scope of his discretionary authority is entitled to qualified immunity "unless the plaintiff can demonstrate: first, that the facts when viewed in a light most favorable to the plaintiff establish a constitutional violation; and, second, that the illegality of the officer's actions was 'clearly established' at the time of the incident." <u>Id</u>. at 905. Courts need not consider the two prongs of the analysis in sequence, and a failure to establish either prong requires the claim to be dismissed. <u>Id</u>.

In this case, there is no clearly established law to show that Defendant Powell's actions amounted to cruel and unusual punishment under the Eighth Amendment. Generally, the Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement.

Farmer, 511 U.S. at 832. Although the Constitution does not mandate comfortable prisons, conditions that deny inmates "the minimal civilized measures of life's necessities" violate the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 347, 349 (1981). Inmates may not be punished in a manner incompatible with "the evolving standards of decency that mark the progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102-103 (1976). Punishments violate the Eighth Amendment when they involve the "serious deprivation of basic human needs" and are "totally without penological justification." Rhodes, 452 U.S. at 346-47.

Prison officials may not punish inmates in a manner that involves the unnecessary and wanton infliction of pain. Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). To show that a prison official's actions were wanton and unnecessary, the inmate must show that the prison official acted with deliberate indifference. Farmer, 511 U.S. at 836. An official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." Id. at 837.

Under current law, it is not clearly established that Defendant Powell's alleged actions would amount to deliberate indifference. Plaintiff contends that Defendant Powell unjustifiably refused to allow Plaintiff to use the toilet and forced Plaintiff to soil himself for two days. Although a finder of fact might consider the alleged actions to be deeply humiliating or even malicious, the facts alleged do not involve a risk to Plaintiff's health or safety. Plaintiff was in a hospital at the time, and hospital staff would have been responsible for Plaintiff's hygiene and health. Plaintiff does not allege that he suffered any injury as a result of soiling himself. Courts in the Eleventh Circuit have held that "mere discomfort, without more, does not offend the Eighth Amendment." Chandler, 379 F.3d at 1295. Plaintiff's discomfort did not last for a prolonged period of time, but at most for the two days he was kept at the hospital. During

Plaintiff's stay at the hospital, there were legitimate security concerns related to the level of restraint required, given that Plaintiff being treated in a public hospital and was an inmate from a high-security wing of a prison that had just experienced a riot. Because the facts alleged by Plaintiff are insufficient to support an inference that a substantial risk of serious harm existed or that Plaintiff endured an unnecessary and wanton infliction of pain, Defendant Powell is protected in his individual capacity by qualified immunity.

Plaintiff's claim against Defendant Powell for monetary damages in his official capacity is barred by the Eleventh Amendment. The Eleventh Amendment prohibits a federal court from exercising jurisdiction over a lawsuit against a state, except where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity. Lassiter v. Alabama A & M University, 3 F.3d 1482, 1485 (11th Cir. 1993). Congress has not abrogated Eleventh Amendment immunity in Section 1983 cases. Carr v. City of Florence, Ala., 916 F.3d 1521, 1525 (11th Cir. 1990). Thus, if the state has not waived its immunity, the Eleventh Amendment bars a Section 1983 suit against that state. Cross v. State of Ala., 49 F.3d 1490 (11th Cir. 1995). By extension, the Eleventh Amendment also bars Section 1983 suits against state officials in their official capacities, because in such a case, the state is considered the real party in interest since an award of damages would be paid by the state. Id. at 1503. Accordingly, Plaintiff's claim for monetary damages against Defendant Powell in his official capacity must be dismissed.

## CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that the Motion to Dismiss Amended Complaint filed by Defendants Humphrey, Bishop, and Powell (Doc. 33) and the Motion to Dismiss Amended Complaint filed by Defendant McMillan (Doc. 39) be

**GRANTED**, and that the Court enter an order dismissing this case as to all claims. Also before the Court is a Motion to Dismiss Complaint filed by Defendants Humphrey, Bishop, and Powell. Doc. 17. Because Defendants' Motion to Dismiss Amended Complaint supersedes the previously filed Motion to Dismiss Complaint, it is further **RECOMMENDED** that Defendants' Motion to Dismiss Complaint be **TERMINATED** as moot.

**SO RECOMMENDED**, this 18th day of July, 2013.

                                              s/ Charles H. Weigle
                                              Charles H. Weigle
                                              United States Magistrate Judge